[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT CT Page 6831
The defendants/counterclaimants, North American Philips Corporation and Philips Medical Systems North America, Inc., f/k/a Philips Medical Systems, Inc. (collectively, "NAPC"), have moved for judgment pursuant to Practice Book 385 after having obtained an interlocutory judgment in their favor on liability only on their counterclaim in this action on July 22, 1991 (Purtill, J.).
The plaintiffs, Republic Insurance Company and International Insurance Company ("the Insurers"), first-layer excess liability insurance carriers, commenced this action against NAPC, their insured, in 1990. The Insurers sought a declaratory ruling to the effect that the Insurers were not obligated to assume the obligations to Transit Casualty Company ("Transit"), an insolvent underlying insurer, to indemnify NAPC for the amounts paid by NAPC in the settlement of a certain personal injury action (the "Alexander action").
On May 11, 1990, NAPC filed a two-count Counterclaim against the Insurers, seeking: (1) on the First Count, a declaratory judgment requiring the Insurers to assume Transit's obligation to indemnify NAPC; and (2) on the Second Count, a money damages judgment for breach of contract.
This court (Purtill, J.) heard cross-motions for summary judgment on February 25, 1991, and ruled in favor of NAPC in a memorandum of decision filed on March 8, 1991 (the "first decision"). The Insurers filed an appeal to the Appellate Court on March 27, 1991, and filed a motion for articulation at the same time. On April 10, 1991, NAPC moved for rectification of the first decision, for determination of damages, and for a prejudgment remedy. On April 22, 1991, NAPC filed an Offer of Judgment seeking to stipulate to a judgment on the Second Count of the Counterclaim in the amount of $2,644,656.00. The Insurers filed no response to the Offer of Judgment.
On June 5, 1991 the Insurers filed a Motion for Reargument and Reconsideration. The Insurers alleged that they had obtained purported "new information" regarding a pending claim by NAPC against the transit Casualty Company in Receivership ("TCIR"), and that this "new information" required the trial court to "vacate" the first decision.
On July 24, 1991, Judge Purtill filed the following decisions on all of the pending motions: (1) Memorandum of CT Page 6832 Decision on Plaintiffs' Motions for Reargument and Reconsideration; (2) Memorandum of Decision on Motions for Rectification, Determination of Damages, and Articulation; Revised Memorandum of Decision on Motions for Summary Judgment; (3) Memorandum of Decision on Motions for Prejudgment Remedy and Disclosure of Property and Assets.
In its ruling upon reargument, the court declined to reconsider the merits of the first decision. The court found that the allegedly "new' evidence regarding NAPC's claim against TCIR was neither "new" nor material, having no effect on the Insurers' liability. The court also held that TCIR was not a necessary party. Judge Purtill clarified the scope of his ruling on summary judgment: the court had decided fully the declaratory counts presented by both parties, but had rendered summary judgment only as to liability on NAPC's count for breach of contract. The court denied NAPC's motion for damages "without prejudice." Nevertheless, the court found probable cause and granted a prejudgment remedy against the Insurers in the amount of $3,379,900.00.
The Insurers have not disputed that NAPC paid an unreimbursed loss of $2,644,656.00 on the Alexander action. In addition, they have not disputed that that amount would have been covered by the $5,000,000 Transit policy but for Transit's insolvency. Instead, the Insurers object to the entry of judgment because they claim that the amount of any judgment must be reduced by a presently unknown amount which NAPC may recover from TCIR pursuant to a claim filed in the Transit receivership. The Insurers advance this argument, notwithstanding the fact that Transit became insolvent in 1987 and NAPC has not yet received any recovery from the insolvent estate.
The position urged by Insurers is not consistent with the ruling of this court on the Motion for Summary Judgment wherein it held that the Insurers were "obligated to drop down and assume the policy obligations of the underlying umbrella insurer, Transit, arising out of the Alexander action and to Indemnify defendants for the legal costs and expenses arising out of the Alexander action." Revised Memorandum of Decision on Motions for Summary Judgment dated July 22, 1991, p. 16. That ruling did not provide that the Insurers' obligation to drop down and indemnify NAPC was in any way contingent upon a potential recovery from the insolvent estate of Transit (TCIR).
The court hereby enters judgment against the Insurers on the Second Count of the counterclaim of NAPC in the following amounts:
Amount paid out by NAPC for loss: $2,644,656.00 CT Page 6833
 Interest under 37-3a of Conn. Gen. Stats. @ $724.56 per day from March 8, 1991 359,381.76
 The award of interest under 37-3a
is discretionary with the court.
 The Insurers' liability was not clear until March 8, 1991, the date of the original summary judgment against them.
 Interest under 52-192a of Conn. Gen. Stats. @ $869.48 per day from 5/11/90 692,975.56 ------------ Total damages (exclusive of attorney's fees and costs to be determined at a future hearing) $3,697,013.32
BY THE COURT, AURIGEMMA, J.